**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION**

UNITED STATES OF AMERICA                                      RESPONDENT


v.                                        No. 1:13-cr-10024


ANTOINE C. COOK                                                    MOVANT


<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28

U.S.C. § 2255 (ECF No. 65)[1] filed herein by **ANTOINE C. COOK**, (hereinafter referred to as

"Cook").  Cook is currently incarcerated at the Talladega Federal Correctional Institution, Talladega,

Alabama.  The Motion was referred for findings of fact, conclusions of law and recommendations

for the disposition of the case.  The Government has responded to this Motion (ECF No. 69) and

asserts it should be denied. The Court has considered the entire record and, as set out below,

recommends the Motion to Vacate, Set Aside or Correct Sentence be **DENIED**.

**A.  <u>Procedural Background</u>**:

On September 18, 2013, Cook was named in two counts of a four-count Indictment.  ECF

No. 1. Count 1 charged Cook with Conspiracy to Distribute more than 500 grams of

methamphetamine and Count 2 charged Cook with Distribution of methamphetamine. Cook was

arrested on October 2, 2013 and appeared for arraignment with retained counsel, Mr. Rickey Hicks

("trial counsel").  Cook entered a plea of not guilty and a trial was scheduled for November 12, 2013.

---

[1]Cook also filed an Addendum (ECF No. 70) to the Motion to Vacate, the Court will consider
this Addendum as part of the original Motion.

Thereafter, the case was continued, at Cook's request, on two occasions and ultimately set for trial on April 4, 2014.[2]

On February 4, 2014, Cook appeared with counsel, Mr. Hicks, before United States District Judge Susan O. Hickey for a change of plea hearing. ECF No. 23.  A written Plea Agreement was presented to the Court in which Cook agreed to plead guilty to Count 1 of the Indictment charging him with Conspiracy to Distribute more than 500 grams of methamphetamine. ECF No. 24. The Court accepted Cook's plea and ordered a Presentence Investigation Report ("PSR").  ECF No. 67, p. 17.

On April 24, 2014, the United States Probation Office ("USPO") issued Cook's initial PSR. ECF No. 27.  The United States had two objections, objecting to paragraph 53 of the PSR which assessed 2 levels for possession of a firearm pursuant to the United States Sentencing Guidelines ("USSG") § 2Dl.l(b)(l) and to paragraph 56 of the PSR which assessed 4 levels for Role in the Offense pursuant to USSG § 3B1.1(a).  *See* Addendum to Final PSR, ECF No. 32.  Cook offered four objections including the objections offered by the United States.  *Id.*  In addition to those proffered by the United States, Cook objected to paragraph 54 of the PSR which assessed 2 points for maintaining a premises for the purpose of manufacturing or distributing a controlled substance pursuant to USSG. § 2D1.1(b)(12) and noted that he could benefit from the Government's drug program.  *See id.*

On May 20, 2014, the USPO issued Cook's final PSR.  ECF No. 32. The PSR assessed a base offense level of 34 based on Cook being responsible for at least 1.5 kilograms but not more than

_____

[2]Cook filed a Motion for Continuance (ECF No. 11) on October 28, 2013 and orally requested a resetting of a hearing on his change of plea on December 5, 2013.

5 kilograms of methamphetamine. ECF No. 32, ¶ 52. Despite the objections from both the Government and the Defense, Cook's base offense level was increased by two (2) levels based on possession of a firearm, two (2) levels for maintaining a drug premises, and four (4) levels for being an organizer or leader thereby resulting in an adjusted offense level of 42.  ECF No. 32, ¶¶ 53, 53, 56, and 58.  Cook received a three (3) level reduction for acceptance of responsibility resulting in a total offense level of 39.  ECF No. 32, ¶¶ 59-61.

The PSR also assessed Cook's criminal history at 11 points, placing him in category V.  ECF No. 32 ¶¶ 83-85.  Because he was determined to be a career offender, his criminal history category was increased to VI.  ECF No. 32 ¶ 86.  The resulting USSG advisory guideline range was 360 months to life imprisonment.  ECF No. 32 ¶ 134.  His statutory range of punishment was not less than 10 years nor more than life imprisonment.

The case was set for sentencing for July 9, 2014.  Cook filed a motion to continue the sentencing. ECF No. 37.  Sentencing was rescheduled for February 12, 2015, and Cook, along with his counsel, appeared on that date before Judge Hickey.  ECF No. 56.

At sentencing, Judge Hickey reduced Cook's base offense level by 2 due to the 2014 Guidelines Amendment which reduced his base offense to a level 32. Additionally, the Court granted his attorney's objections for possession of a firearm, for a leader organizer role (reducing from 4 levels to 2 levels), and for maintaining a drug premises. After the preceding adjustments, Cook's adjusted base offense level was 34. However, because Cook was found to be a career offender, his base offense level increased to 37.  Upon receiving 3 levels off for acceptance of responsibility, Cook's base offense level became 34. Cook's resulting Guidelines range was 262 to 327 months. The Court then granted the government's motion for downward departure resulting in a USSG

-3-

sentencing range of 168 to 210 months imprisonment. Cook was sentenced to 168 months imprisonment, 5 years supervised release, and a $100 special assessment. ECF No. 57. Finally, Cook's sentence was reduced again, this time to 130 months, following the Government's Motion pursuant to FED.R.CRIM.P. 35. ECF No. 64 (Sealed Order). Thirteen days after the sentence reduction, Cook filed the instant Motion.

**B.  Instant Motion**:

Cook timely filed the instant Motion on February 2, 2016. ECF No. 65. In his Motion, Cook asserts the following grounds for relief:

1.  trial counsel was ineffective for failing to file a "waiver" of speedy trial,

2.  trial counsel was ineffective for failing to file a motion for discovery, leading to ineffective assistance at plea negotiations and at sentencing,

3.  trial counsel was ineffective for failing to challenge the Government's evidence by not filing a motion for acquittal and failing to challenge the probable cause for a wire tap,

4.  trial counsel was ineffective for failing to object to the Government's not honoring its plea agreement at sentencing, and for failing to obtain a three (3) level reduction for acceptance of responsibility,

5.  trial counsel was ineffective for failing to file an *Anders* brief, essentially trial counsel was ineffective in allowing Cook to waive his right to make a collateral attack on his sentence,

6.  breach of the plea agreement by the Government,

7.  prosecutorial misconduct in requesting no copies of discovery materials be left with Cook pending trial (from Addendum ECF No. 70), and

8.  judicial misconduct in ordering no copies of discovery materials be left with Cook pending trial (from Addendum ECF No. 70).

The Government has responded to this Motion and asserts Cook's trial counsel was not ineffective

in any particular, urging the Court to deny the Motion.   ECF No. 69.   Cook replied to the

Response.  ECF No. 71.  I have considered all of the pleadings and matters of record in making this

Report and Recommendation.

**C.  <u>Discussion</u>**:

   **1. <u>Ineffective Assistance of Counsel</u>**.

   Cook raises five different claims of ineffective assistance of counsel. Each is discussed

below.

> The benchmark for judging any claim of ineffectiveness must be whether counsel's
> conduct so undermined the proper functioning of the adversarial process that the trial
> cannot be relied on as having produced a just result.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984).   In order to prevail on an ineffective assistance

of counsel claim, under *Strickland*, a movant must show: (1) his "trial counsel's performance was

so deficient as to fall below an objective standard of reasonable competence," and (2) "the deficient

performance prejudiced [his] defense."  *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir.

2009) (quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).   When considering the first

element, there is a "strong presumption that counsel's conduct falls within the wide range of

professionally reasonable assistance and sound trial strategy."  *Toledo*, 581 F.3d at 680 (quoting

*Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466

U.S. at 689)).   "The burden of proving ineffective assistance of counsel rests with the defendant."

*United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S.

648, 658 (1984)).

   Under the first prong of the *Strickland* test, the Court must consider counsel's performance

objectively and gauge whether it was reasonable "under prevailing professional norms" and

"considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 341 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

For the reasons set out below, I do not find Cook has established ineffective assistance of counsel for any of the claimed deficiencies.

a.  Effect of the guilty plea:

Cook claims trial counsel failed to file a motion for discovery, failed to challenge a speedy trial violation, and failed to challenge the finding of probable cause for a "wiretap" warrant. All of these claimed instances of ineffective assistance of counsel occurred prior to his plea of guilty. The United States Supreme Court has stated:

[A] guilty plea represents a break in the chain of events which has preceded it in the

> criminal process. <u>When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.</u> He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). As the Supreme Court noted in *Menna v. New York*, 423 U.S. 61, 62-63, n.2 (1975), a guilty plea "simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt, if factual guilt is validly established."

Here, Cook voluntarily entered into a plea agreement and in fact pled guilty before this Court. In his written plea agreement, he acknowledged there was an adequate factual basis for his conviction. ECF No. 24, ¶ 2. He acknowledged he had fully discussed the facts of the case with his counsel and specifically discussed the required elements of the crime to which he was pleading guilty. *Id*. He specifically indicated he was satisfied with the advice his counsel had given. ECF No. 24, ¶ 32. At the change of plea hearing on February 4, 2014, Cook stated he had read the plea agreement, had discussed it with his counsel, and understood the terms of the plea agreement. ECF No. 67, p. 14. He was advised of his rights, including the right to a speedy trial. *Id*.

There is no evidence, indeed no assertion by Cook now, that the factual basis of his guilt was in doubt at the time he entered a plea of guilty. Accordingly, the claims his trial counsel failed to file a motion for discovery, failed to challenge a speedy trial violation, and failed to challenge the finding of probable cause for a wire tap warrant should all be denied. *See, Tollett*, 411 U.S. at 267. Further, and as discussed below, these three issues should be denied on their merits as well.

b. Speedy trial waiver:

Cook's first substantive claim appears to be that trial counsel did not object to a violation of

-7-

Cook's speedy trial rights.  The Federal speedy trial statute requires a defendant be brought to trial within 70 days from indictment or the first appearance, whichever occurs later.  *See* 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within this period, the indictment must be dismissed on the defendant's motion.  *See* 18 U.S.C. § 3162(a)(2).  However, certain delays are excluded from the speedy trial calculation.  *See* 18 U.S.C. § 3161(h).  One of the excluded periods is any delay based on a motion to continue where the court finds ends of justice outweigh the best interests of the public and a defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).  Further, under 18 U.S.C. § 3161(h)(1)(D), any pretrial motion, including a motion for extension of time, creates excludable time, between the filing of the motion and the court ruling on it.

Here, Cook requested a continuance of his original trial date after 24 days had elapsed on the speedy trial clock.  ECF No. 11.  The Court granted the continuance and rescheduled the trial date finding the ends of justice would be served by granting the motion and specifically excluding the intervening time for speedy trial purposes.  ECF No. 14.  Thereafter, Cook pled guilty prior to the new trial date.  There was no speedy trial violation and nothing for trial counsel to object about in that regard.

Even if trial counsel had some duty to object to a delay, prior to finding a speedy trial violation, based on the Sixth Amendment,  the court must consider four factors to test whether such delay was a constitutional violation: the length of delay, the reason for delay, whether the defendant asserted the right to a speedy trial, and whether the defendant suffered any prejudice.  *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).  However, before any presumptively prejudicial delay may be found, a significant delay must be present.  "A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors."  *United States v.*

-8-

*Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003).

In this case, Cook appeared for his first appearance on October 4, 2013.  ECF No. 6.  He entered a plea of guilty 4 months later on February 4, 2014.  ECF No. 23.  This 4-month time period was not prejudicial to Cook nor has he alleged any prejudice.  *See United States v. Patterson*, 140 F.3d 767, 772 (8th Cir.1998) (five-month period between detention and trial on drug charges, interrupted by pretrial motions, "was not sufficiently long to be presumptively prejudicial"); *United States v. McFarland*, 116 F.3d 316, 318 (8th Cir.1997) (delay just over seven months did not trigger Sixth Amendment analysis).  Any claim of speedy trial violation would have been baseless and futile.  Trial counsel's conduct in not seeking speedy trial relief was reasonable and competent. Cook suffered no presumed nor actual prejudice in this case. This claim should be denied on the merits.

c.  Failure to file motion for discovery:

The pretrial discovery procedure in this Court tracts FED.R.CRIM.P. 16.  Counsel for all parties were directed, at the arraignment, to informally request discovery pursuant to Rule 16 rather than file formal motions.  No motion for discovery was necessary.  Further, Cook's counsel did in fact request discovery in this case, informally as directed by the Court.  ECF No. 69-1.  The Government provided trial counsel with discovery pursuant to Rule 16.  *Id*.  This discovery was provided by letter on November 12, 2013, more than 2 months prior to Cook's plea of guilty.  The conduct by trial counsel here was not error and in fact was in keeping with the orders of this Court and the Federal Rules of Criminal Procedure.  Cook has not alleged that he would not have pled guilty and would have insisted on going to trial, had his trial counsel filed a formal motion for discovery nor has he alleged any other prejudice.  There is no prejudice here.  This claim should be denied on its merits.

d.  Failure to challenge "wiretap" application:

Cook next alleges trial counsel was ineffective for failing to challenge the probable cause contained in an application for a wiretap which was used in this case prior to Indictment.[3] Specifically, Cook alleges the Government issued a "no probable cause warrant to wiretap the defendant's phone."  ECF No. 65, p. 5.  He claims he requested his trial counsel to file a challenge to the probable cause warrant, and trial counsel failed to do so.  ECF No. 65, p. 8.  He makes no specific allegations regarding the claimed deficiencies in the wiretap application.

During its investigation of Cook, the United States submitted a sealed affidavit in support of an application for an order authorizing the interception of wire and electronic communications to the Court on June 17, 2013.  *See Pen Register Application*, No. 13-cm-00009 (Sealed), Document No. 2.  The wiretap affidavit was provided to Cook's counsel as part of discovery. This wiretap affidavit contained a lengthy recitation of probable cause in support of law enforcement's belief that the named interceptees and others would use the target telephones in furtherance of the criminal conduct. Judge Hickey found probable cause existed that such was the case and issued the sealed Order authorizing the interception of wire and electronic communications.  This affidavit was provided to Cook's trial counsel in discovery.  ECF No. 69-1.  I have reviewed the affidavit and find it contained sufficient probable cause to justify the issuance of the Order by Judge Hickey.

Cook does not argue a motion to suppress would have been successful, rather he says the wiretap order was entered without a finding of probable cause.  This is patently inaccurate as Judge Hickey specifically found probable case existed for issuance of the Order granting the application.

_____

[3]I note the "wiretap" at issue here was actually a pen register.  *See Pen Register Application*, No. 13-cm-00009 (Sealed).  However, both Cook and the Government refer to the application and warrant as authorizing a "wiretap," and the Court will do so in this order for sake of clarity.

Trial counsel is not ineffective in failing to pursue a matter upon which there is no reasonable likelihood of success. *See Smith v. Armontrout*, 888 F.2d 530, 545 (8th Cir. 1989). Further, there is no prejudice to a defendant when his counsel fails to raise a non-meritorious issue. *See Holloway v. United States*, 960 F.2d 1348, 1356 (8th Cir. 1992). Here, the affidavit was lengthy and fact specific. The District Court made a specific finding of probable cause. A review of the affidavit confirms there were ample facts to support a finding of probable cause. Any motion challenging the affidavit would have been futile. Trial counsel's conduct in this regard did not fall below any professional standard. Cook was not prejudiced. This claim should be denied.

    e.  Failure to object at sentencing:

      Next, Cook makes several claims his trial counsel was ineffective for failing to object to various things at his sentencing. First, he claims the Government did not honor its plea agreement by failing to request a 5-level reduction in his total offense level under the USSG for his cooperation. He claims is trial counsel failed to object to this breach. This claim is patently false as discussed below. The plea agreement itself has express language regarding cooperation. It states as follows:

> If the defendant provides full, complete, truthful, and substantial cooperation to the government, the government reserving the right to make the decision on the nature and extent of the defendant's cooperation, then the government agrees to consider moving for a downward departure under U.S.S.G. § 5Kl.l or Rule 35 of the Federal Rules of Criminal Procedure. Both parties acknowledge that the district court has the power to deny a motion for downward departure. The defendant hereby agrees that the government does not promise, by the terms of this agreement, to file a Section 5Kl.l or Rule 35 motion.

ECF No. 24 ¶ 24. It was clear in the plea agreement there was no promise of any specific reduction in offense level or reduction in sentence. ECF No. 16,  In fact at the change of plea hearing, the Assistant U.S. Attorney, stated as follows:

      I wanted to, I guess also point out, judge, in paragraph 16 I had yesterday, at Mr.

> Hick's request, met with him and Mr. Cook and discussed the plea agreement and just want to be clear for the record, and I discussed this with Mr. Cook, that I could not promise or guarantee any specific guideline range or sentence. . . . He indicated to me that he understood that. I just wanted to make that clear for the record so there was no confusion later on.

ECF No. 67, p. 12-13.  The Court then inquired of Cook as follows:

> THE COURT: Okay. Now, Mr. Cook, do you have any questions on what Mr. Quinn has indicated that the plea agreement says?
>
> MR. COOK: No, ma'am.

Trial counsel was not ineffective for failing to object to something that did not happen.  This Claim should be denied.

Second, Cook claims his trial counsel was not effective by failing to obtain a 3-level reduction in his USSG total offense score for his acceptance of responsibility.  Again this claim is patently false.  The Court gave Cook a 3-level reduction in the total offense score at sentencing.  ECF No. 68, p. 15.  Accordingly, trial counsel had no reason to do anything further regarding acceptance of responsibility.  This claim should be denied.

Third, Cook claims his trial counsel failed to challenge a 2-level enhancement for being an organizer or leader of the conspiracy.  Once again the claim is simply false and not supported by the record in this case.  Trial counsel filed an objection to that specific finding in the PSR (ECF No. 32, Addendum) and filed a Sentencing Memorandum arguing that Cook should receive no enhancement for his role in the offense (ECF No. 35).  The Court reduced the enhancement for role in the offense from 4 to 2 levels.  Trial Counsel is not "ineffective" simply because his arguments fail to persuade the Court.   This claim should be denied.

-12-

f.  Failure to file motion for judgment of acquittal:

Cook also claims his trial counsel should have filed a motion for judgment of acquittal. Motions of judgment of acquittal are not applicable in cases where a defendant pleads guilty. FED.R.CRIM.P. 29 requires a motion for judgment of acquittal to be filed either (1) after the Government rests its case and before submission of the case to the jury or (2) after a jury verdict of guilty has been returned.  There is no merit to this claim, as Rule 29 motions only apply in the trial context and Petitioner entered a guilty plea.  The claim should be denied.

g.  Failure to prevent a waiver of collateral attack in the plea agreement:

Cook's last claim is that his trial counsel was ineffective in failing to prevent a provision waiving his rights to collaterally attack the sentence.  He makes no specific allegation regarding how such a waiver is unconstitutional nor what trial counsel should have done differently.

Waivers of the right to collaterally attack a sentence are "generally enforceable."  *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000)("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context.").   While generally enforceable, such waivers are not absolute.  A waiver must be knowing and voluntary.  *Id.*  Further, a defendant cannot waive his right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. *Id. (citing United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir.), *cert. denied*, 525 U.S. 942 (1998)).  The court should enforce the waivers in a plea agreement if: (1) the record indicates that the defendant entered into the agreement and the waiver knowingly and voluntarily; (2) the issue raised falls within the scope of the waiver; and (3) enforcing the waiver would not result in a miscarriage of justice.  *See United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

-13-

The United States Court of Appeals for the Eighth Circuit has upheld the following waiver in a recent case: "[e]xcept for a claim of ineffective assistance of counsel, the defendant ... waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255." *Ackerland v. United States*, 633 F.3d 698, 702 (8th Cir. 2011).

The plea agreement in this case contained the following waiver:

> the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on Ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver

This language is essentially the same as that approved by the Eighth Circuit in *Ackerland*. The Government asserts no plea bargain would have been offered without the waiver provision. Cook signed the plea agreement. The only question remaining is whether Cook's waiver was knowing and voluntary.

First, I note Cook does not claim his plea agreement was unknowingly entered into nor does he claim he was coerced in anyway. A review of the record shows he knew what he was doing and did so voluntarily. At the change of plea hearing, Judge Hickey specifically addressed the waiver of collateral attack provision. ECF No. 67, p. 14. Cook indicated he understood he was waiving that right. Later, Judge Hickey made sure Cook was entering into the plea agreement and guilty plea voluntarily. Again, Cook assured the Court he was acting voluntarily. ECF No. 67, p. 14-15. There was no deficient performance by trial counsel here. He relayed a plea agreement offer to Cook. That offer contained the waiver. Cook knowingly and voluntarily signed the plea agreement and entered a plea of guilty. He makes no claim he would have received a different plea agreement or gone to trail without this waiver being included in the plea agreement. He has not shown deficient

-14-

performance and cannot show prejudice.  This claim should be denied.

**2.  Prosecutorial and Judicial Misconduct**:

In his Addendum to § 2255 Motion to Vacate (ECF No. 70) Cook claims the Assistant U.S. Attorney committed prosecutorial misconduct in asking and the Court committed Judicial misconduct in ordering that no copies of any discovery be physically provided to him or left with him.  He claims there was a *Brady* violation because he was no personally provided with copies of the discovery provided.  The Government has not responded to this claim.

The Government, at the arraignment, requested that trial counsel not disseminate any discovery materials provided to Cook to keep in his possession.  The Court ordered trial counsel not to leave or provide copies of any discovery material to Cook, without either the agreement of the Government or without seeking authority to do so from the Court.

Rule 16 dictates the Government provide certain tangible items and documents to the defendant to copy **or** inspect.  Rule 16(d)(1) provides in part: "Protective and Modifying Orders. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."   It is clear the Court has discretion to regulate discovery in a criminal matter. There is no requirement a defendant be permitted to keep actual physical copies of tangible items in his possession.  Trial counsel was provided with discovery pursuant to Rule 16.

Cook asserts no specific harm to himself as a result of not having actual physical possession of these documents and tangible items.  This claim should be denied.

**3.  Breach of the Plea Agreement**:

Finally, Cook alleges the Government breached its plea agreement with him.  He asserts the Assistant U.S. Attorney, during plea negotiations, promised him a 5-level reduction of his total

-15-

offense level under the USSG in exchange for his proffer as well as a 3-level reduction for acceptance of responsibility.   As an initial matter Cook received a 3-level reduction for acceptance of responsibility so that point has no merit.

There was a written plea agreement in this matter which contained the following pertinent provisions:

16. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. <u>The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court</u>. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater that the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

24. If the defendant provides full, complete, truthful, and substantial cooperation to the government, the government reserving the right to make the decision on the nature and extent of the defendant's cooperation, then <u>the government agrees to consider moving for a downward departure under U.S.S.G. § 5Kl.l or Rule 35 of the Federal Rules of Criminal Procedure</u>. Both parties acknowledge that the district court has the power to deny a motion for downward departure. <u>The defendant hereby agrees that the government does not promise, by the terms of this agreement, to file a Section 5Kl.l or Rule 35 motion</u>.

32. By signing this plea agreement, the defendant acknowledges that :

c. <u>No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement</u>.

34. The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further,<u>all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty</u>.

ECF No. 24 (emphasis added).   Further, at the change of plea hearing the following soliloquy occurred:

THE COURT: Okay. Is this signature voluntary and of

-16-

your own free will?

MR. Cook: Yes, ma'am.

THE COURT: Okay. Did Anyone force or threaten you to get you to sign this plea agreement?

MR. COOK: No, ma'am.

THE COURT: <u>Did anyone make you any promises, other than those that are contained within the plea agreement to get you to sign the plea agreement</u>?

MR. COOK: <u>No, ma'am.</u>

THE COURT: Anyone put any pressure on you to sign it?

MR. COOK: No, ma'am.

ECF No. 67 p. 15 (emphasis added). It is clear there was no promise of a specific reduction and

further, it was clear that Cook understood there was no such promise.

While there was clearly no 5-level reduction promised to Cook, the Government did live up

to its agreement.  At sentencing the Government moved for a downward departure from the advisory

USSG guideline sentencing range.  ECF No. 54.  This motion resulted in Cook's guideline sentence

range being reduced to 168-210 months imprisonment (which was a 4-level reduction in total offense

level).  ECF No. 68, p. 23-24.  Subsequent to sentencing, the Government made a motion for

sentence reduction pursuant to FED.R.CRIM.P. 35 (ECF No. 63) which resulted in Cook's sentence

being further reduced to 130 months.  ECF No. 64. There was no specific promise of a particular

reduction or sentence and no breach of the written plea agreement.  The Government did not breach

the plea agreement.

Even if the Court were to assume the Government had in fact orally promised a 5-level

-17-

reduction, Cook has not been prejudiced.  At sentencing, the Court determined his total offense level

to be 34, which resulted in a guideline range of 262-327 months imprisonment.  A 5-level reduction

would have resulted in a total offense level of 29 with a guideline range of 151-188.  Cook was

ultimately sentenced to a sentence of 130 months which equated to a 7-level reduction. Even if the

Court assumes the Government promised a 5-level reduction and failed to seek it, Cook has not been

prejudiced, as his sentence is below what a 5-level reduction would have afforded him under the

USSG.  This claim is without merit and should be denied.

**D.  No Evidentiary Hearing is Required**:

> Title 28, U.S.C. § 2255 provides in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the
> prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

28 U.S.C. § 2255.  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Court states in part:

> If it plainly appears from the face of the motion and any annexed exhibits in the prior
> proceedings in the case that the movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the movant to be notified.

I have reviewed Cook's claims and the record in this case.  He is not entitled to relief in this court and

no hearing is necessary.  Further, Cook has not made a substantial showing of violation of a

constitutional right.  Accordingly, no Certificate of Appealability should be granted.  *See* 28 U.S.C.

§ 2253(c)(2).

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant  Motion to Vacate, Set

Aside or Correct Sentence pursuant to 28 U.S.C. § 2255  (ECF No. 65) be **DENIED**.  I further

-18-

recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **25th day of January 2017**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE