**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION**

UNITED STATES OF AMERICA                                                  RESPONDENT

v.                                            No. 1:13-cr-10024

ANTOINE C. COOK                                                          MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 65) filed herein by **ANTOINE C. COOK** ("Cook").

After he filed this original § 2255 Motion, Cook also filed an Addendum to the Motion to Vacate (ECF No. 70), Motion for Leave to File Amendment (ECF No. 76), Motion to Amend Response (ECF No. 86), and Motion for Leave to File Amendment (ECF No. 89) (collectively hereinafter the "Motion"). The Court will consider all of the claims raised by Cook in this Report and Recommendation.[1] The Government has responded to all of the issues raised in the Motion filed by Cook. ECF Nos. 69, 93.

The Court held an evidentiary hearing to fully consider all of the claims raised in Cook's Motion. ECF No. 104, p 9-10. Prior to this hearing, the Court appointed counsel to represent Cook on the Motion. ECF No. 96. After this hearing, both Cook and the Government submitted additional briefing arguing the issues raised in the Motion. ECF Nos. 108, 111, and 112. All of the issues Cook raised in his Motion are now fully briefed and ripe. Accordingly, the Court now enters the following Report and Recommendation, recommending Cook's Motion (ECF Nos. 65, 70, 76,

---

[1] The Court previously entered a Report and Recommendation addressing Cook's original § 2255 Motion and two of his supplemental claims. That Report and Recommendation is hereby vacated and replaced with this Report and Recommendation.

86, 89) be **DENIED.**

A.    **Procedural Background**

On September 18, 2013, Cook was named in two counts of a four-count Indictment.  ECF No. 1.  Count 1 charged Cook with Conspiracy to Distribute more than 500 grams of methamphetamine and Count 2 charged Cook with Distribution of methamphetamine. Cook was arrested on October 2, 2013 and appeared for arraignment with retained counsel, Mr. Rickey Hicks ("trial counsel").  Cook entered a plea of not guilty, and a trial was scheduled for November 12, 2013.  Thereafter, the case was continued, at Cook's request, on two occasions and ultimately set for trial on April 4, 2014.[2]

On February 4, 2014, Cook appeared with trial counsel before United States District Judge Susan O. Hickey for a change of plea hearing.  ECF No. 23.  A written Plea Agreement was presented to the Court in which Cook agreed to plead guilty to Count 1 of the Indictment charging him with Conspiracy to Distribute more than 500 grams of methamphetamine. ECF No. 24. The Court accepted Cook's plea and ordered a Presentence Investigation Report ("PSR").  ECF No. 67, p. 17.

On April 24, 2014, the United States Probation Office ("USPO") issued Cook's initial PSR. ECF No. 27.  The United States had two objections, objecting to paragraph 53 of the PSR which assessed 2 levels for possession of a firearm pursuant to the United States Sentencing Guidelines ("USSG") § 2Dl.l(b)(l) and to paragraph 56 of the PSR which assessed 4 levels for Role in the Offense pursuant to USSG § 3B1.1(a).  *See* Addendum to Final PSR, ECF No. 32.  Cook offered

---

[2]Cook filed a Motion for Continuance (ECF No. 11) on October 28, 2013 and orally requested a resetting of a hearing on his change of plea on December 5, 2013.

four objections including the objections offered by the United States.  *Id.*  In addition to those proffered by the United States, Cook objected to paragraph 54 of the PSR which assessed 2 points for maintaining a premises for the purpose of manufacturing or distributing a controlled substance pursuant to USSG. § 2D1.1(b)(12) and noted that he could benefit from the Government's drug program.  *See id.*

On May 20, 2014, the USPO issued Cook's final PSR.  ECF No. 32. The PSR assessed a base offense level of 34 based on Cook being responsible for at least 1.5 kilograms but not more than 5 kilograms of methamphetamine. ECF No. 32 ¶ 52. Despite the objections from both the Government and trial counsel, Cook's base offense level was increased by two (2) levels based on possession of a firearm, two (2) levels for maintaining a drug premises, and four (4) levels for being an organizer or leader thereby resulting in an adjusted offense level of 42.  ECF No. 32 ¶¶ 53, 53, 56, and 58.  Cook received a three (3) level reduction for acceptance of responsibility resulting in a total offense level of 39.  ECF No. 32 ¶¶ 59-61.

The PSR also assessed Cook's criminal history at 11 points, placing him in category V.  ECF No. 32 ¶¶ 83-85.  Because he was determined to be a career offender, his criminal history category was increased to VI.  ECF No. 32 ¶ 86. The resulting USSG advisory guideline range was 360 months to life imprisonment.  ECF No. 32 ¶ 134.   His statutory range of punishment was not less than 10 years nor more than life imprisonment.

The case was set for sentencing for July 9, 2014.   Cook filed a motion to continue the sentencing. ECF No. 37.  Sentencing was rescheduled for February 12, 2015, and Cook, along with his trial counsel, appeared on that date before Judge Hickey.  ECF No. 56.

At sentencing, Judge Hickey reduced Cook's base offense level by 2 due to the 2014

Guidelines Amendment which reduced his base offense to a level 32.  Additionally, the Court granted his objections to the PSR for possession of a firearm, for a leader organizer role (reducing from 4 levels to 2 levels), and for maintaining a drug premises. After the preceding adjustments, Cook's adjusted base offense level was 34. However, because Cook was found to be a career offender, his base offense level increased to 37.

Upon receiving 3 levels off for acceptance of responsibility, Cook's base offense level became 34. Cook's resulting Guidelines range was 262 to 327 months.  The Court then granted the government's motion for downward departure resulting in a USSG sentencing range of 168 to 210 months imprisonment. Cook was sentenced to 168 months imprisonment, 5 years supervised release, and a $100 special assessment. ECF No. 57.  Finally, Cook's sentence was reduced again, this time to 130 months, following the Government's Motion pursuant to FED.R.CRIM.P. 35.  ECF No. 64 (Sealed Order).  Thirteen days after the sentence reduction, Cook filed the instant Motion.

**B.**     **Instant Motion**

Cook timely filed the original § 2255 Motion on February 2, 2016.  ECF No. 65.  Thereafter, Cook filed four subsequent supplemental motions.  ECF Nos. 70, 76, 86, 89.  In these motions, Cook asserts the following grounds for relief:

1.     Ineffective Assistance of Counsel Claims

a.     Trial counsel was ineffective for failing to file a "waiver" of speedy trial;

b.     Trial counsel was ineffective for failing to file a motion for discovery, leading to ineffective assistance at plea negotiations and at sentencing;

c.     Trial counsel was ineffective for failing to challenge the Government's evidence by not filing a motion for acquittal and failing to challenge the probable cause for a wire tap;

-4-

d.  Trial counsel was ineffective for failing to object to the Government's not honoring its plea agreement at sentencing, and for failing to obtain a three (3) level reduction for acceptance of responsibility;

e.  Trial counsel was ineffective for failing to file an *Anders* brief, essentially trial counsel was ineffective in allowing Cook to waive his right to make a collateral attack on his sentence;

f.  Trial counsel was ineffective for failing to object to career-offender status at sentencing;

g.  Trial counsel was ineffective for failing to file an appeal and failure to consult with Cook regarding an appeal;

h.  Trial counsel was ineffective because he failed to properly advise Cook regarding his plea agreement, and his plea agreement was therefore not entered into knowingly and voluntarily; and

i.  Trial counsel was ineffective due to his conflict of interest.

2.  Breach of the plea agreement by the Government;

3.  Prosecutorial misconduct in requesting no copies of discovery materials be left with Cook pending trial (from Addendum ECF No. 70); and

4.  Judicial misconduct in ordering no copies of discovery materials be left with Cook pending trial (from Addendum ECF No. 70).

## C.  Discussion

### 1. Ineffective Assistance of Counsel:

Cook raises a total of nine (9) different claims of ineffective assistance of counsel, five (5) from the original Motion and four (4) from the supplements filed. For the reasons set out below, Cook has not established ineffective assistance of counsel for any of the claimed deficiencies.

Prior to considering these ineffective assistance of counsel claims, however, the Court should first consider the impact of Cook's guilty plea. All of these claimed instances of ineffective assistance of counsel occurred *prior to* his plea of guilty. The United States Supreme Court has

stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. <u>When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea</u>. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added).  As the Supreme Court noted in

*Menna v. New York*, 423 U.S. 61, 62-63, n.2 (1975), a guilty plea "simply renders irrelevant those

constitutional violations not logically inconsistent with the valid establishment of factual guilt, if

factual guilt is validly established."

Here, Cook voluntarily entered into a Plea Agreement and in fact pled guilty before this

Court. In his written Plea Agreement, he acknowledged there was an adequate factual basis for his

conviction.    ECF No. 24 ¶ 2.  He acknowledged he had fully discussed the facts of the case with

his trial counsel and specifically discussed the required elements of the crime to which he was

pleading guilty.  *Id*.  He specifically indicated he was satisfied with the advice his trial counsel had

given.  ECF No. 24 ¶ 32.  At the change of plea hearing on February 4, 2014, Cook stated he had

read the Plea Agreement, had discussed it with his trial counsel, and understood the terms of the Plea

Agreement.  ECF No. 67, p. 14.  He was advised of his rights, including the right to a speedy trial.

*Id*.

There is no evidence, indeed no assertion by Cook now, that the factual basis of his guilt was

in doubt at the time he entered a plea of guilty.  Accordingly, the claims his trial counsel failed to

file a motion for discovery, failed to challenge a speedy trial violation, and failed to challenge the

finding of probable cause for a wire tap warrant should all be denied.  *See, Tollett*, 411 U.S. at 267.

-6-

Turning to the substance of Cook's ineffective assistance of counsel claims, the Court will first address the general standard for ineffective assistance of counsel.

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984).

In order to prevail on an ineffective assistance of counsel claim, under *Strickland*, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence," and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. at 689)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court must consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White*, 341 F.3d at 678. If, however,

"counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

### a.   Ineffective Assistance: Speedy Trial Waiver

Cook's first substantive claim is that trial counsel did not object to a violation of his speedy trial rights. The Federal speedy trial statute generally requires a defendant be brought to trial within 70 days from indictment or the first appearance, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within this period, the indictment must be dismissed on the defendant's motion. *See* 18 U.S.C. § 3162(a)(2). However, certain delays are excluded from the speedy trial calculation. *See* 18 U.S.C. § 3161(h). One of the excluded periods is any delay based on a motion to continue where the court finds ends of justice outweigh the best interests of the public and a defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Further, under 18 U.S.C. § 3161(h)(1)(D), any pretrial motion, including a motion for extension of time, creates excludable time, between the filing of the motion and the court ruling on it.

Here, Cook requested a continuance of his original trial date after 24 days had elapsed on the speedy trial clock. ECF No. 11. The Court granted the continuance and rescheduled the trial date

finding the ends of justice would be served by granting the motion and specifically excluding the intervening time for speedy trial purposes.  ECF No. 14.   Thereafter, Cook pled guilty prior to the new trial date.  There was no speedy trial violation and nothing for trial counsel to object about in that regard.

Even if trial counsel had some duty to object to a delay, prior to finding a speedy trial violation, based on the Sixth Amendment,  the court must consider four factors to test whether such delay was a constitutional violation: the length of delay, the reason for delay, whether the defendant asserted the right to a speedy trial, and whether the defendant suffered any prejudice.  *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).  However, before any presumptively prejudicial delay may be found, a significant delay must be present.  "A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors."  *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003).

In this case, Cook appeared for his first appearance on October 4, 2013.  ECF No. 6.  He entered a plea of guilty 4 months later on February 4, 2014.  ECF No. 23.  This 4-month time period was not prejudicial to Cook nor has he alleged any prejudice.  *See United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998) (five-month period between detention and trial on drug charges, interrupted by pretrial motions, "was not sufficiently long to be presumptively prejudicial"); *United States v. McFarland*, 116 F.3d 316, 318 (8th Cir. 1997) (delay just over seven months did not trigger Sixth Amendment analysis).  Any claim of speedy trial violation would have been baseless and futile.  Trial counsel's conduct in not seeking speedy trial relief was reasonable and competent. Cook suffered no presumed nor actual prejudice in this case. This claim should be denied on the merits.

**b.**     **Ineffective Assistance: Failure to File Motion for Discovery**

The pretrial discovery procedure in this Court tracts FED.R.CRIM.P. 16.   Counsel for all parties were directed, at the arraignment, to informally request discovery pursuant to Rule 16 rather than file formal motions.   No motion for discovery was necessary.   Further, Cook's trial counsel did in fact request discovery in this case, informally as directed by the Court.   ECF No. 69-1.   The Government provided trial counsel with discovery pursuant to Rule 16.   *Id.*   This discovery was provided by letter on November 12, 2013, more than 2 months prior to Cook's plea of guilty.

The conduct by trial counsel here was not error and in fact was in keeping with the orders of this Court and the Federal Rules of Criminal Procedure.   Cook has not alleged that he would not have pled guilty and would have insisted on going to trial, had his trial counsel filed a formal motion for discovery nor has he alleged any other prejudice.   There is no prejudice here.   This claim should be denied on its merits.

**c.**     **Ineffective Assistance: Failure to Challenge Acquittal/"Wiretap"**

Cook claims his trial counsel should have filed a motion for judgment of acquittal.   Motions of judgment of acquittal are not applicable in cases where a defendant pleads guilty.   FED.R.CRIM.P. 29 requires a motion for judgment of acquittal to be filed either (1) after the Government rests its case and before submission of the case to the jury or (2) after a jury verdict of guilty has been returned.   There is no merit to this claim, as Rule 29 motions only apply in the trial context and Petitioner entered a guilty plea.   The claim should be denied.

Cook next alleges trial counsel was ineffective for failing to challenge the probable cause

contained in an application for a "wiretap" which was used in this case prior to Indictment.[3] Specifically, Cook alleges the Government issued a "no probable cause warrant to wiretap the defendant's phone." ECF No. 65, p. 5.  He claims he requested his trial counsel to file a challenge to the probable cause warrant, and trial counsel failed to do so.  ECF No. 65, p. 8.  He makes no specific allegations regarding the claimed deficiencies in the wiretap application.

During its investigation of Cook, the United States submitted a sealed affidavit in support of an application for an order authorizing the interception of wire and electronic communications to the Court on June 17, 2013. *See Pen Register Application*, No. 13-cm-00009 (Sealed), Document No. 2.  The affidavit was provided to Cook's trial counsel as part of discovery. ECF No. 69-1.  This affidavit contained a lengthy recitation of probable cause in support of law enforcement's belief that the named interceptees and others would use the target telephones in furtherance of the criminal conduct. Judge Hickey found probable cause existed that such was the case and issued the sealed Order authorizing the interception of wire and electronic communications.  *See Pen Register Application*, No. 13-cm-00009 (Sealed), Document No. 3.

Cook does not argue a motion to suppress would have been successful, rather he says the wiretap order was entered without a finding of probable cause.  This is patently inaccurate as Judge Hickey specifically found probable case existed for issuance of the Order granting the application. Trial counsel is not ineffective in failing to pursue a matter upon which there is no reasonable likelihood of success.  *See Smith v. Armontrout*, 888 F.2d 530, 545 (8th Cir. 1989).  Further, there is no prejudice to a defendant when his counsel fails to raise a non-meritorious issue. *See Holloway*

---

[3]The "wiretap" at issue here was actually a pen register.  *See Pen Register Application*, No. 13-cm-00009 (Sealed).

*v. United States*, 960 F.2d 1348, 1356 (8th Cir. 1992).

Here, the affidavit was lengthy and fact specific. The District Court made a specific finding of probable cause. A subsequent review of the affidavit confirms there were ample facts to support a finding of probable cause. Any motion challenging the affidavit would have been futile. Trial counsel's conduct in this regard did not fall below any professional standard. Cook was not prejudiced. This claim should be denied.

### d.      Ineffective Assistance: Failure to Object at Sentencing

Next, Cook makes several claims his trial counsel was ineffective for failing to object to various things at his sentencing. First, he claims the Government did not honor its Plea Agreement by failing to request a 5-level reduction in his total offense level under the USSG for his cooperation. He claims his trial counsel failed to object to this breach. This claim is patently false as discussed below. The Plea Agreement itself has express language regarding cooperation. It states as follows:

> If the defendant provides full, complete, truthful, and substantial cooperation to the government, the government reserving the right to make the decision on the nature and extent of the defendant's cooperation, then the government agrees to consider moving for a downward departure under U.S.S.G. § 5Kl.l or Rule 35 of the Federal Rules of Criminal Procedure. Both parties acknowledge that the district court has the power to deny a motion for downward departure. The defendant hereby agrees that the government does not promise, by the terms of this agreement, to file a Section 5Kl.l or Rule 35 motion.

ECF No. 24 ¶ 24. It was clear in the Plea Agreement there was no promise of any specific reduction in offense level, any specific reduction in sentence, or any request at all. ECF No. 16. Rather the Government only agreed to "consider moving for downward departure." At the change of plea hearing, the Assistant U.S. Attorney, stated as follows:

> I wanted to, I guess also point out, judge, in paragraph 16 I had yesterday, at Mr. Hick's request, met with him and Mr. Cook and discussed the plea agreement and just want to be clear for the record, and I discussed this with Mr. Cook, that I could

not promise or guarantee any specific guideline range or sentence. . . . He indicated to me that he understood that. I just wanted to make that clear for the record so there was no confusion later on.

ECF No. 67, p. 12-13.  The Court then inquired of Cook as follows:

THE COURT: Okay. Now, Mr. Cook, do you have any questions on what Mr. Quinn has indicated that the plea agreement says?

MR. COOK: No, ma'am.

Trial counsel was not ineffective for failing to object to something that did not happen.  This Claim should be denied.

Second, Cook claims his trial counsel was not effective by failing to obtain a 3-level reduction in his USSG total offense score for his acceptance of responsibility.  Again this claim is patently false.  The Court gave Cook a 3-level reduction in the total offense score at sentencing. ECF No. 68, p. 15.  Accordingly, trial counsel had no reason to do anything further regarding acceptance of responsibility.  This claim should be denied.

Third, Cook claims his trial counsel failed to challenge a 2-level enhancement for being an organizer or leader of the conspiracy.  Once again the claim is simply false and not supported by the record in this case.  Trial counsel filed an objection to that specific finding in the PSR (ECF No. 32, Addendum) and filed a Sentencing Memorandum arguing that Cook should receive no enhancement for his role in the offense (ECF No. 35).  The Court reduced the enhancement for role in the offense from 4 to 2 levels.  Trial Counsel is not "ineffective" simply because his arguments fail to persuade the Court.   This claim should be denied.

### e.    Ineffective Assistance: Failure to Prevent a Waiver of Collateral Attack

Cook's last claim is that his trial counsel was ineffective in failing to prevent a provision waiving his rights to collaterally attack the sentence.  He makes no specific allegation regarding how

-13-

such a waiver is unconstitutional nor what trial counsel should have done differently.

Waivers of the right to collaterally attack a sentence are "generally enforceable." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000)("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context.").   While generally enforceable, such waivers are not absolute.  A waiver must be knowing and voluntary.  *Id.*  Further, a defendant cannot waive his right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. *Id. (citing United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir.), *cert. denied*, 525 U.S. 942 (1998)).  The court should enforce the waivers in a plea agreement if: (1) the record indicates that the defendant entered into the agreement and the waiver knowingly and voluntarily; (2) the issue raised falls within the scope of the waiver; and (3) enforcing the waiver would not result in a miscarriage of justice.  *See United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

The United States Court of Appeals for the Eighth Circuit has upheld the following waiver: "[e]xcept for a claim of ineffective assistance of counsel, the defendant ... waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255."  *Ackerland v. United States*, 633 F.3d 698, 702 (8th Cir. 2011).

The Plea Agreement in this case contained the following waiver:

> the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on Ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver

This language is essentially the same as that approved by the Eighth Circuit in *Ackerland*.  The Government asserts no plea bargain would have been offered without the waiver provision.  Cook

signed the Plea Agreement.  The only question remaining is whether Cook's waiver was knowing and voluntary.

First, Cook does not claim he was coerced in any way.  A review of the record shows he knew what he was doing and did so voluntarily.   At the change of plea hearing, Judge Hickey specifically addressed the waiver of collateral attack provision. ECF No. 67, p. 14.  Cook indicated he understood he was waiving that right.  Later, Judge Hickey made sure Cook was entering into the Plea Agreement and guilty plea voluntarily.   Again, Cook assured the Court he was acting voluntarily. ECF No. 67, p. 14-15.  There was no deficient performance by trial counsel here.  He relayed a Plea Agreement offer to Cook.  That offer contained the waiver.  Cook knowingly and voluntarily signed the Plea Agreement and entered a plea of guilty.  He makes no claim he would have received a different plea agreement or gone to trial without this waiver being included in the Plea Agreement.   He has not shown deficient performance and cannot show prejudice.  This claim should be denied.

### f.      **Ineffective Assistance: Failure to Object to Career Offender Status**

As a part of his supplemental briefing, Cook claims his trial counsel was ineffective for failing to object to his status as a career offender.  ECF No. 108, p. 1-7.  In its response, the Government claims Cook's argument on this issue is untimely; and even if it is timely, this argument is meritless. ECF No. 111, p. 1-6.  Upon review, the Court agrees with the Government and finds Cook's argument on this issue is without merit, and Cook is not entitled to relief.

The determination as to whether a criminal defendant qualifies as a "career offender" under the USSG is governed by § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant

offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

In the present action, Cook was classified as a career offender based upon his convictions in Arkansas state court for three felonies: (1) conspiracy to deliver cocaine and possession of marijuana with intent to deliver in 1999; (2) conspiracy to deliver methamphetamine in 2002; and (3) possession of cocaine with intent to deliver in 2005. ECF No. 32 ¶¶ 74, 77, and 81.

With his current claim, Cook argues the conspiracy convictions should not serve as the predicate "controlled substance offense[s]." Cook bases his claim on the plain reading of § 4B1.1(a), which does not include conspiracy within the definition of a "controlled substance offense." Cook cites to *United States v. Winstead,* 890 F.3d 1082, 1091 (D.C. Cir. 2018) in support of this argument. Cook also claims two of these prior convictions are "to deliver," which would include *attempted* delivery under Arkansas law. Cook claims attempt is broader than the meaning of "controlled substance offense."

There are two problems with Cook's argument on this issue. First, the Eighth Circuit has "squarely rejected" the claim that conspiracy offenses *do not* qualify as predicate offenses under § 4B1.1. *U.S. v. Bailey,* 677 F.3d 816, 818 (8th Cir. 2012). Also, as for Cook's argument regarding "attempt," Application Note 1 to U.S.S.G. § 4B1.1 expressly states that a "controlled substance offense" includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. Thus, based upon the law at the time of Cook's sentencing, any objection on this basis would have been meritless. Cook's attorney was not deficient for failing to pursue a meritless objection. *See Garrett v. United States,* 78 F.3d 1303 n.11 (8th Cir. 1996) (recognizing that "[i]neffective assistance should not be found under *Strickland* when counsel fails to perform those

acts which clearly appear to be futile or fruitless at the time the decision is made").

Second, to the extent *Windstead,* from the U.S. Court of Appeals, District of Columbia Circuit, could change existing law in the Eighth Circuit, *Windstead* was decided in 2018.  Cook was sentenced in 2015.  Thus, there was absolutely no basis for Cook's trial counsel to make an argument regarding a case that was decided three years *after* sentencing.  Thus, the Court cannot find Cook's trial counsel was ineffective for failing to object to these predicate offenses.

        **g.**        **Ineffective Assistance: Failure to File an Appeal**

Cook claims his trial counsel was ineffective when he failed to appeal his case after being expressly instructed to do so.  ECF No. 108, p. 7-10.  Cook claims he asked his trial counsel to appeal his sentence right after sentencing and while still in the courtroom.  *Id.*  The Government disputes this claim, and Cook's trial counsel testified under oath that Cook did not want to appeal his sentence.  ECF No. 111, p. 14.  After considering the arguments of counsel and the testimony at the evidentiary hearing in this matter, the Court finds Cook is not entitled to relief under § 2255 on this issue.

As an initial matter, the Court recognizes that where an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow the "express instructions with respect to an appeal."  *Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000).  For such a claim to succeed, however, the client must show he instructed his counsel to file an appeal.  *See Hollis v. United States,* 687 F.2d 257, 259 (8th Cir. 1982).  Based upon this standard and for the following four reasons, the Court finds Cook has not presented sufficient evidence demonstrating he directed his trial counsel to appeal his sentence.

First, Cook's trial counsel testified under oath at the evidentiary hearing that Cook never

directed him to appeal his sentence:

> Q:     All right.  And then after the sentencing, did you discuss the appeal with Mr.
>         Cook, the possibility of an appeal?  Excuse me.
>
> A:     I don't recall if I discussed a possibility of an appeal.  Because he had pled
>         guilty, he had waived his rights to an appeal.  So there was no need for me to
>         discuss any rights that he had already waived.  And he understood that his
>         only way to appeal was that he had to complain about my services and the
>         court had told him that he had 14 days to do that.  At the conclusion of that
>         hearing, I remember leaning and asking him, as I always do, do you
>         understand that?  You got any questions?  And he did not.
>
> Q:     He did not have any questions?
>
> A:     No.
>
> Q:     And he did not ask you for an appeal at that time?
>
> A:     No.

ECF No. 104, p. 132-133.  As further support for this determination, Cook's trial counsel testified

he was retained for Cook's case but not for any appeal.  *Id.* p. 137.

Second, Cook's mother testified that Cook's trial counsel advised her and her husband

specifically regarding an appeal for Cook, but the prospect of a greater sentence for Cook "shut us

down":

> Q:     What was your conversation with Mr. Hicks?
>
> A:     We asked him what would an appeal look like and how we go about an
>         appeal.  And he says, I wouldn't recommend an appeal, because you'd be
>         looking at 30 years.
>
> Q:     So he told you he didn't recommend an appeal?
>
> A:     Yes, sir.
>
> Q:     And did you have any response back to Mr. Hicks after that?

-18-

> A:  No, we wasn't looking at 30 years.
>
> . . .
>
> Q:  Okay.  And did–so there was just no discussion of it, of who's going to pay for it [the appeal]?
>
> A:  When he said 30 years, that kind of shut us down.

ECF No. 104, p. 88-89, 91.

Third, Cook waived his appellate rights and was fully advised of that waiver.  Such a waiver (entitled "WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS") demonstrates he had no intention of appealing his case:

> 7.  In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:
>
> a.  the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a). . . .

ECF No. 24, p. 5.  At the sentencing hearing, Judge Hickey ensured Cook was aware of this provision in the Plea Agreement:

> Mr. Cook, I need to tell you about your appeal rights.  In paragraph 7 of your plea agreement you waived your right to appeal both the conviction and sentence you receive in this case except under certain circumstances.

ECF No. 68, p. 36.

Fourth, Cook was aware of the fourteen-day deadline for an appeal; but apart from his bare claim that he directed his attorney to appeal his sentence, he has made no demonstration that he took affirmative steps to appeal his sentence  Notably, at the sentencing hearing, Judge Hickey cautioned Cook that he only had fourteen days to file his appeal:

-19-

> Mr. Cook, I need to tell you about your appeal rights. In paragraph 7 of your plea agreement you waived your right to appeal both the conviction and sentence you receive in this case except under certain circumstances. If you decide you want to appeal you must do so within 14 days of the entry of the judgment, which will probably be in the next couple of days.

ECF No. 68, p. 36.

Cook, however, did not personally reach out and contact his trial counsel by mail or telephone but stated he has his parents get "in touch with him." ECF No. 104, p. 49. During her testimony, as noted above, Cook's mother was "shut down" at the prospect of Cook being sentenced to 30 years, and she did not follow-up with Cook's trial counsel regarding an appeal until several months later. ECF No. 104, p. 89-90. This is despite the fact that Cook and his parents had been advised of a fourteen-day deadline for an appeal. Thus, the Court cannot find Cook has presented sufficient evidence demonstrating he directed his trial counsel to appeal this sentence and is entitled to relief on this issue.

### h.    Ineffective Assistance: Failure to Consult Regarding the Plea Agreement

Cook claims his trial counsel was ineffective because he did not fully advise him regarding his Plea Agreement. ECF No. 108, p. 7-13. As such, he claims his guilty plea was not entered into "knowingly and intelligently." *Id.* In response, the Government disputes this claim and argues Cook has presented no basis for relief. ECF No. 111, p. 7-13.

Upon review of this argument, the Court cannot find a basis for relief under § 2255. Cook signed the Plea Agreement. ECF No. 24. In the Plea Agreement, Cook was specifically advised he faced a mandatory minimum of ten years in prison with a maximum term of life imprisonment. *Id.* ¶ 11. Cook testified at the evidentiary hearing that he understood he was facing a statutory term of imprisonment of ten years to life. ECF No. 104, p. 59-60. Cook testified at the evidentiary hearing

that the Plea Agreement did not state it promises any type of sentence. *Id.* Cook claims he was promised a lesser sentence, but he also acknowledges the Plea Agreement makes no mention of a lesser sentence. *Id.* Thus, the Court cannot find Cook has met his burden of demonstrating his trial counsel was ineffective in advising him regarding his sentence.

Furthermore, as outlined above, in order to be entitled to relief, Cook must also demonstrate he was prejudiced by any alleged deficiency. Certainly, Cook has made no showing of prejudice or that his sentence would have been lower at trial had he not entered into this Plea Agreement. As noted by Judge Hickey during sentencing in this case, Cook's guidelines range was 360 months or 30 years to life. ECF No. 69, p. 32. As a result of his cooperation and his entering into the Plea Agreement, his sentenced was reduced to 168 months or 14 years at sentencing.

### i.    Ineffective Assistance: Conflict of Interest

Cook claims his trial counsel was ineffective because Cook was dating his trial counsel's niece by marriage, Ms. Baker. ECF No. 108, p. 15-18. Cook claims there is a conflict because his trial counsel later represented Ms. Baker. *Id.* Upon review, the Court finds no basis for § 2255 relief on this issue.

To prevail on this claim, Cook must show a conflict of interest existed and must also show that conflict resulted in an actual, demonstrable effect on his attorney's performance. *See Covey v. United States,* 377 F.3d 903, 908 (8th Cir. 2004). In this case, no conflict has been demonstrated by Cook. Cook's trial counsel represented him until he was sentenced in February of 2015. At that time, there were no criminal charges against Ms. Baker. After this representation ended, Ms. Baker was sent a target letter, but she was never formally charged. ECF No. 104, p. 174-175. Furthermore, Cook has not demonstrated any prejudice even if there were a conflict. As noted above, Cook was

facing 30 years to life in prison.  As a result of the Plea Agreement, Cook was only sentenced to 14 years.  Thus, Cook has no demonstrated a basis for relief under  § 2255.

### 2.  **Breach of Plea Agreement**

Cook alleges the Government breached its Plea Agreement with him.  He asserts the Assistant U.S. Attorney, during plea negotiations, promised him a 5-level reduction of his total offense level under the USSG in exchange for his proffer as well as a 3-level reduction for acceptance of responsibility.  As an initial matter, Cook received a 3-level reduction for acceptance of responsibility so that point has no merit.

There was a written Plea Agreement in this matter which contained the following pertinent provisions:

> 16. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater that the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

> 24. If the defendant provides full, complete, truthful, and substantial cooperation to the government, the government reserving the right to make the decision on the nature and extent of the defendant's cooperation, then the government agrees to consider moving for a downward departure under U.S.S.G. § 5Kl.l or Rule 35 of the Federal Rules of Criminal Procedure. Both parties acknowledge that the district court has the power to deny a motion for downward departure. The defendant hereby agrees that the government does not promise, by the terms of this agreement, to file a Section 5Kl.l or Rule 35 motion.

> 32. By signing this plea agreement, the defendant acknowledges that :

> c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.

-22-

34. The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

ECF No. 24 (emphasis added).  Further, at the change of plea hearing, the following soliloquy occurred:

THE COURT: Okay. Is this signature voluntary and of your own free will?

MR. Cook: Yes, ma'am.

THE COURT: Okay. Did Anyone force or threaten you to get you to sign this plea agreement?

MR. COOK: No, ma'am.

THE COURT: Did anyone make you any promises, other than those that are contained within the plea agreement to get you to sign the plea agreement?

MR. COOK: No, ma'am.

THE COURT: Anyone put any pressure on you to sign it?

MR. COOK: No, ma'am.

ECF No. 67 p. 15 (emphasis added). It is clear there was no promise of a specific reduction and further, it was clear that Cook understood there was no such promise.

While there was clearly no 5-level reduction promised to Cook, the Government did live up to its agreement.  At sentencing, the Government moved for a downward departure from the advisory USSG guideline sentencing range.  ECF No. 54.  This motion resulted in Cook's guideline sentence range being reduced to 168-210 months imprisonment (which was a 4-level reduction in total offense level). ECF No. 68, p. 23-24. Subsequent to sentencing, the Government made an additional motion for sentence reduction pursuant to FED.R.CRIM.P. 35 (ECF No. 63) which resulted in Cook's

-23-

sentence being further reduced to 130 months.  ECF No. 64. There was no specific promise of a particular reduction or sentence and no breach of the written plea agreement.  The Government did not breach the Plea Agreement.

Even if the Court were to assume the Government had in fact orally promised a 5-level reduction, Cook has not been prejudiced.  At sentencing, the Court determined his total offense level to be 34, which resulted in a guideline range of 262-327 months imprisonment.  A 5-level reduction would have resulted in a total offense level of 29 with a guideline range of 151-188.  Cook was ultimately sentenced to a sentence of 130 months which equated to a 7-level reduction. Even if the Court assumes the Government promised a 5-level reduction and failed to seek it, Cook has not been prejudiced, as his sentence is below what a 5-level reduction would have afforded him under the USSG.  This claim is without merit and should be denied.

### 3-4.   Prosecutorial and Judicial Misconduct

In his Addendum to § 2255 Motion to Vacate (ECF No. 70), Cook claims the Assistant U.S. Attorney committed prosecutorial misconduct in asking and the Court committed Judicial misconduct in ordering that no copies of any discovery be physically provided to him or left with him.  He claims there was a *Brady* violation because he was no personally provided with copies of the discovery provided.  The Government has not responded to this claim.

The Government, at the arraignment, requested that trial counsel not disseminate any discovery materials provided to Cook to keep in his possession.  The Court ordered trial counsel not to leave or provide copies of any discovery material to Cook, without either the agreement of the Government or without seeking authority to do so from the Court.

Rule 16 dictates the Government provide certain tangible items and documents to the

defendant to copy **or** inspect.  Rule 16(d)(1) provides in part: "<u>Protective and Modifying Orders</u>. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."   It is clear the Court has discretion to regulate discovery in a criminal matter. There is no requirement a defendant be permitted to keep actual physical copies of tangible items in his possession.  Trial counsel was provided with discovery pursuant to Rule 16.

Cook asserts no specific harm to himself as a result of not having actual physical possession of these documents and tangible items.  This claim should be denied.

**D.**   **<u>Recommendation</u>**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255  (ECF Nos. 65, 70, 76, 86, 89) be **DENIED** in their entirety.  It is further recommended no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **8th day of March 2019**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE