IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA            RESPONDENT

v.          Case No. 1:13-cr-10024
                1:16-cv-01010

ANTOINE C. COOK            MOVANT

## ORDER

Before the Court is the Report and Recommendation filed March 8, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 113). Judge Bryant recommends that Movant Antoine C. Cook's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied. (ECF No. 65). Judge Bryant further recommends that Cook be denied a Certificate of Appealability. Cook has filed objections to the Report and Recommendation. (ECF No. 114). The Court finds this matter ripe for consideration.

## BACKGROUND

On September 18, 2013, Cook was charged with one count of conspiracy to distribute more than 500 grams of methamphetamine and one count of distribution of methamphetamine. Cook retained an attorney, Rickey Hicks ("trial counsel"), to represent him in connection with these charges.

On February 4, 2014, Cook pleaded guilty to one count of Conspiracy to Distribute more than five hundred (500) grams of methamphetamine. (ECF No. 24). The Court accepted Cook's guilty plea, and on February 17, 2015, sentenced him to one hundred and sixty-eight (168) months imprisonment, five (5) years of supervised release, and a $100 special assessment. No notice of

appeal was filed. Cook's sentence was later reduced to 130 months pursuant to a Rule 35 motion filed in January 2016. (ECF No. 63).

On February 2, 2016, Cook filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 65). He also filed several supplemental motions. (ECF Nos. 70, 76, 86, 89). The Court appointed counsel to represent Cook, and an evidentiary hearing was held on Cook's Section 2255 claims on June 14, 2018. (ECF Nos. 96, 103). Cook filed his post-hearing brief on November 5, 2018. (ECF No. 108). The Government filed its response on January 10, 2019. (ECF No. 111). Cook filed his reply on January 31, 2019. (Doc. 112). In his briefing, Cook asserts the following grounds for relief:

1. Ineffective Assistance of Counsel Claims

    a. Trial counsel was ineffective for failing to file a "waiver" of speedy trial;

    b. Trial counsel was ineffective for failing to file a motion for discovery, leading to ineffective assistance at plea negotiations and sentencing;

    c. Trial counsel was ineffective for failing to challenge the Government's evidence by not filing a motion for acquittal and failing to challenge the probable cause for a wiretap;

    d. Trial counsel was ineffective for failing to object to the Government's not honoring its plea agreement at sentencing, and for failing to obtain a three (3) level reduction for acceptance of responsibility;

    e. Trial counsel was ineffective for failing to file an *Anders* brief, essentially trial counsel was ineffective in allowing Cook to waive his right to make a collateral attack on his sentence;

    f. Trial counsel was ineffective for failing to object to career offender status at sentencing;

    g. Trial counsel was ineffective for failing to file an appeal and failing to consult with Cook regarding an appeal;

    h. Trial counsel was ineffective because he failed to properly advise Cook regarding his plea agreement, and his plea agreement was therefore not entered into knowingly and voluntarily; and

    i. Trial counsel was ineffective due to his conflict of interest.

2. Breach of the plea agreement by the Government;

3. Prosecutorial misconduct in requesting no copies of discovery materials be left with Cook pending trial; and

4. Judicial misconduct in ordering no copies of discovery materials be left with Cook pending trial.

On March 8, 2019, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, entered his Report and Recommendation on the matter. (ECF No. 113). Judge Bryant recommends that all of Cook's Section 2255 claims be denied and that no Certificate of Appealability be issued. On March 22, 2019, Cook filed his Objections to the Report and Recommendation, arguing that he is entitled to Section 2255 relief.[1]

## DISCUSSION

Cook objects to Judge Bryant's findings that trial counsel did not provide ineffective assistance when he (1) failed to object to career offender status at sentencing; (2) failed to consult Cook regarding an appeal; (3) failed to advise Cook regarding his plea agreement and guilty plea; and (4) had a conflict of interest. Cook also objects to Judge Bryant's recommendation that he be denied a Certificate of Appealability. The Court addresses each of Cook's arguments in turn.

### I. Ineffective Assistance of Counsel

#### A. Failure to Object to Career Offender Status at Sentencing

Judge Bryant recommends denying Cook's claim that trial counsel provided ineffective assistance by failing to object to his career offender status. Cook objects, arguing that under the United States Sentencing Guidelines ("USSG"), and Arkansas law, his previous drug convictions cannot be considered career offender predicate offenses. For the reasons discussed below, the Court agrees with Judge Bryant.

---

[1] A more detailed factual background can be found in Judge Bryant's Report and Recommendations in this matter. (ECF Nos. 81, 113).

The determination as to whether a criminal defendant qualifies as a "career offender" under the USSG is governed by Section 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). Application Note 1 to U.S.S.G. § 4B1.2 further defines a "controlled substance offense" as including "aiding and abetting, conspiracy, and attempt to commit such offenses." U.S.S.G. § 4B1.2.

Cook was classified as a career offender based upon his convictions in Arkansas state court for three felonies: (1) conspiracy to deliver cocaine and possession of marijuana with intent to deliver in 1999; (2) conspiracy to deliver methamphetamine in 2002; and (3) possession of cocaine with intent to deliver in 2005. Cook argues that Application Note 1 to U.S.S.G. § 4B1.2 is inconsistent with the actual text of the definition of "controlled substance offense" under Section 4B1.2(b), and that the commentary impermissibly expands the definition to include the offense of aiding and abetting, conspiring, and attempting to commit offenses that prohibit the manufacture, distribution, of controlled substances; therefore, offenses such as attempt and conspiracy cannot be considered career offender predicates. Cook also argues that two of these prior convictions are "to deliver," which would include attempted delivery under Arkansas law. *See* Ark. Code Ann. § 5-4-101. Cook argues that attempt is broader than the meaning of "controlled substance offense."

Cook cites to several cases from other jurisdictions in support of his argument that conspiracy and attempt offenses do not qualify as career offender predicates. However, Judge Bryant, citing to *United States v. Bailey*, 677 F.3d 816 (8th Cir. 2012), found that the Eighth Circuit has "squarely rejected" the claim that conspiracy and attempt offenses do not qualify as career offender predicate offenses under Section 4B1.1. *Bailey*, 677 F.3d at 818. Upon review, the Court finds that Judge

Bryant adhered to binding Eighth Circuit precedent. *See, e.g.*, *United States v. James*, No. 18-3198, 2019 WL 5565934, at *1 (8th Cir. Oct. 29, 2019) (finding that Arkansas conviction for conspiracy to deliver a controlled substance was career offender predicate offense); *United States v. Ramirez*, 782 F. App'x 521, 522 (8th Cir. 2019) (holding that Eighth Circuit has "squarely rejected" argument that conspiracy offenses under Section 4B1.1 are not career offender predicates).

Accordingly, Cook's objection is overruled.

**B. Failure to Consult Regarding an Appeal**

Cook objects to Judge Bryant's finding that trial counsel did not provide ineffective assistance by failing to appeal or consult regarding an appeal. Specifically, Cook argues that Judge Bryant did not consider his claim that trial counsel was ineffective for failing to consult with him regarding an appeal after sentencing. Upon review of the Report and Recommendation, it appears that Judge Bryant did not squarely address Cook's argument that trial counsel was ineffective for failing to consult with him regarding an appeal. Thus, the Court will address this argument.

The United States Supreme Court opined at length about counsel's duty to consult regarding an appeal in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), stating that:

> [c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe*, 528 U.S. at 480.

After reviewing the transcript of the evidentiary hearing before Judge Bryant and considering the totality of the circumstances surrounding this case, the Court finds that trial counsel did not provide ineffective assistance by failing to consult with Cook regarding an appeal. Cook pleaded guilty after a series of plea negotiations and meetings with Government wherein he cooperated and provided information in hopes of obtaining a reduced sentence. Pursuant to his written plea agreement, Cook waived his right to directly appeal his conviction or sentence. Had Cook appealed, he could have potentially lost some or all of the benefit of his cooperation upon resentencing.

At the evidentiary hearing, trial counsel testified that he could not recall if he directly asked Cook if he wanted to appeal. However, trial counsel did testify that he advised Cook of his appellate rights both before and after sentencing. Trial counsel further testified that when he explained Cook's appellate rights after sentencing, he asked Cook if he understood what had happened and if he had any questions. According to trial counsel, Cook did not ask any questions or request that he appeal at that time. Cook's parents both testified that they approached trial counsel about an appeal outside the courthouse after sentencing. However, they both testified that they were "shut down" by the prospect that their son could receive more time if he was resentenced and that they did not request that trial counsel file a notice of appeal on their son's behalf. The only evidence in the record suggesting that Cook wanted to appeal his own testimony that he instructed trial counsel to appeal in the courtroom after sentencing. Judge Bryant found this testimony uncredible and unavailing, and after review of the transcript of the evidentiary hearing, the Court sees no reason to depart from this finding. Moreover, by his own admission, Cook never attempted to contact trial counsel regarding an appeal after he left the courthouse on the day he was sentenced.

Considering this case as a whole, the Court finds that a rational defendant would not have wanted to appeal in this situation, and that there is insufficient evidence to suggest that Cook

6

demonstrated to his trial counsel that he was interested in appealing. Accordingly, Cook's objection is overruled.

### C. Ineffective Assistance Regarding the Plea Agreement and Guilty Plea

Cook objects to Judge Bryant's recommendation that his claim for ineffective assistance regarding his plea agreement and guilty plea be denied.

The standard for determining the validity of a guilty plea remains whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (citation omitted). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). A defendant has a "heavy burden" to overcome those admissions and show that his guilty plea was involuntary. *Blackledge v. Allison*, 431 U.S. 63, 72-74 (1977).

The Court sentenced Cook to a term of one hundred and sixty-eight months' imprisonment. However, Cook argues that trial counsel repeatedly promised him that he would receive a sentence of three to five years because trial counsel did not understand the importance of his past criminal history and that his previous convictions would result in a career offender enhancement to his sentence. Cook contends that trial counsel's advice concerning his guilty plea was so grossly incompetent that his plea was neither knowing nor voluntary.

Upon consideration, the Court agrees with Judge Bryant. Cook cites to no binding authority in support of his argument that trial counsel's ineffective assistance rendered his guilty unknowing and involuntary. Moreover, at the evidentiary hearing, trial counsel testified that he communicated to Cook that he could not guarantee him any specific sentence and that regardless of any plea deal or

cooperation, his final sentence would be handed down by the Court. Even if trial counsel did promise Cook a three to five year sentence, Cook testified that he thought he would likely receive a sentence of eight years based on his interactions with the Government, indicating that he understood the mechanics of his plea agreement and that he would receive whatever sentence the Court deemed appropriate. Further, the Court also informed Cook that the plea agreement did not guarantee a specific sentence, and at his change of plea hearing, Cook indicated to the Court that he understood as much.

Therefore, the Court finds that Cook knowingly and voluntarily entered his guilty plea. Accordingly, Cook's objection is overruled.

### D. Conflict of Interest

Cook objects to Judge Bryant's recommendation that his conflict of interest claims be dismissed because he failed to show that a conflict of interest existed and that his defense was prejudiced as a result.

"A defendant's claim that his or her attorney labored under a conflict of interest and therefore provided constitutionally inadequate representation is judged under several different standards." *United States v. Young*, 315 F.3d 911, 915 n.5 (8th Cir. 2003). Where the alleged conflict of interest involves multiple or serial representation, two different standards apply. "If the defendant raised the issue at trial, the defendant need only prove an actual conflict of interest and reversal follows automatically upon such a showing." *Id.* (citing *Mickens v. Taylor*, 535 U.S. 162, 168 (2002)). If the issue was not raised at trial, the defendant must demonstrate an actual conflict of interest that adversely affected his lawyer's performance. *Covey v. United States*, 377 F.3d 903, 907-08 (8th Cir. 2004) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)).

"'Adverse effect' is not the equivalent of prejudice." *Id*. at 908. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The likelihood of a different result must be "substantial" rather than merely "conceivable." *Hanegan v. Miller*, 663 F.3d 349, 355 (8th Cir. 2011). "To demonstrate adverse affect, [a petitioner] must identify 'some actual and demonstrable adverse effect on the case, not merely an abstract or theoretical one.'" *Id.* (quoting *United States v. Flynn*, 87 F.3d 996, 1001 (8th Cir. 1996)).

In *Covey v. United States*, the Eighth Court concluded that it is an open question in this circuit whether a petitioner alleging a conflict of interest other than multiple or serial representation must demonstrate an actual conflict of interest that adversely affected his lawyer's performance or instead satisfy the more stringent *Strickland* standard. *Covey*, 377 F.3d at 907-08.

Cook was dating trial counsel's niece by marriage, Amanda Baker. Baker was recorded on the wiretaps which formed a majority of the evidence against Cook. Approximately one year after Cook was sentenced, the Government sent Baker a target letter and asked her to cooperate in their investigation. Trial counsel represented Baker in connection with the target letter, but Baker was never charged with any offense stemming from the wiretap in this case. Cook contends that trial counsel provided ineffective assistance by coercing him into accepting a plea deal in order to protect Baker.

Without deciding whether trial counsel was laboring under an actual conflict of interest, the Court finds that Cook has failed to demonstrate either an adverse affect or prejudice. The Court has plumbed the record and found no indication that trial counsel's representation of, or relationship with, Baker had an actual, tangible effect on his performance representing Cook, or that it would have changed the result of this proceeding. Cook testified at the evidentiary hearing that he was guilty of the charges against him and that his goal was to cooperate in order to get the best plea deal possible. The only potential adverse affect or prejudice that Cook points to is the possibility that trial counsel

9

knew that Baker could be implicated in some wrongdoing in connection with events at issue in this case and encouraged Cook to plead in an effort to somehow shield Baker from criminal liability. The Court finds this possibility far too tenuous and speculative to demonstrate either an adverse affect or prejudice.

Accordingly, Cook's objection is overruled.

## II. Certificate of Appealability

Finally, the Court addresses Cook's request for a Certificate of Appealability. Judge Bryant recommends that no Certificate of Appealability be issued in this matter.[2] However, Cook asserts that a Certificate of Appealability is warranted under the present circumstances.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Obtaining a certificate of appealability "does not require a showing that the appeal will succeed," and "a court of appeals should not decline the application . . . merely because it believes the applicant will not demonstrate an entitlement to relief." *Miller–El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court is satisfied that it correctly analyzed Cook's claims. However, the Court is unwilling to make a finding that reasonable jurists could not have resolved Cook's Section 2255 petition in a different manner. Therefore, the Court will issue a Certificate of Appealability in this matter.

## CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS IN PART** Judge Bryant's Report and Recommendation (ECF No. 113) insofar as it recommends a finding that Petitioner's motion should

---

[2] Judge Bryant offers no analysis as to why a Certificate of Appealability should be denied.

be denied on the merits. Therefore, Cooks' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 65) is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. However, the Court finds that a Certificate of Appealability should be and hereby is **GRANTED** on the issues of:

1. Whether trial counsel provided ineffective assistance by failing to object to Cook's career offender status at sentencing;

2. Whether trial counsel provided ineffective assistance in failing to consult Cook regarding an appeal;

3. Whether trial counsel provided ineffective assistance, rendering Cook's guilty plea unknowing and involuntary; and

4. Whether trial counsel provided ineffective assistance because of a conflict of interest.

**IT IS SO ORDERED**, this 27th day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge